**UNITED STATES of America, Appellant,**

v.

**Raymond HUSAIN, Defendant–Appellee.**

No. 01–1680.

United States Court of Appeals, Second Circuit.

Sept. 24, 2002.

William C. Pericak, Assistant United States Attorney for the Northern District of New York; Joseph A. Pavone, United States Attorney, Barbara D. Cottrell, Assistant United States Attorney, on the brief, Albany, NY, for Appellant.

Paul J. Evangelista, Assistant Federal Defender; Alexander Bunin, Federal Public Defender for the Northern District of New York and Vermont, Molly Corbett,

Assistant Federal Defender, on the brief, Albany, NY, Submitting for Defendant–Appellee.

Present: LEVAL, CALABRESI, and POOLER, Circuit Judges.

Appeal from judgment of the United States District Court for the Northern District of New York (Dennis N. Hurd, *Judge*) sentencing Raymond Husain to 50 months imprisonment on a single conviction for aggravated reentry into the United States after deportation, in violation of 8 U.S.C. § 1326.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

The government appeals from the November 29, 2001, judgment of the United States District Court for the Northern District of New York (David N. Hurd, Judge) granting a 7 month downward departure and sentencing Raymond Husain to 50 months imprisonment on a single conviction for aggravated reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. In January 1999, the Immigration and Naturalization Service ("INS") deported Husain, a citizen of Guyana, from the United States because he had been convicted of second-degree robbery while he was living in New York City. Husain returned to the United States, and on August 12, 2000, New York City police arrested Husain for assault. Husain pleaded guilty to second-degree menacing on October 30, 2000, and received a 90–day sentence, which expired on November 9, 2000. At that time, New York State revoked Husain's parole from his robbery conviction and sent him to Ulster County Correctional Facility as the first stop in serving his parole violation sentence. At Ulster, on November 15, 2000, INS agents first interviewed Husain. A grand jury did not indict Husain until March 22, 2001, for illegally reentering the United States in violation of 8 U.S.C. § 1326.

Federal authorities issued an arrest warrant and lodged a detainer against Husain, but he remained in state custody until May 22, 2001, when his parole violation sentence expired. At that time, Husain was taken into federal custody, arraigned on the Section 1326 charge, and began receiving federal sentencing credit. Husain pleaded guilty on July 27, 2001. On November 9, 2001, the district court sentenced Husain to 50 months imprisonment, three years supervised release and a $100 special assessment. The sentence reflected a 7–month downward departure pursuant to U.S.S.G. § 5K2.0 from the guidelines range of 57 to 71 months. The district court found that the INS had notice of Husain's presence in the United States, and thus his Section 1326 violation, two days after his arrest in August 2000 but failed to investigate the crime until November 2000 for its own convenience. The district court found that the federal government imposed further delays by waiting until March 2001 to indict Husain and May 2001 to arraign him. The district court arrived at its seven-month departure by subtracting the three-month menacing sentence from the 10–month period of delay between August 2000 and May 2001. The government now appeals.

The government argues that the district court erred in finding undue delay in the prosecution of Husain's case because the elapsed time between his INS interview, indictment and arraignment was not atypical and there is no evidence that the government's conduct was improper. We review the district court's decision to depart for abuse of discretion. *United States v. Los Santos*, 283 F.3d 422, 425 (2d Cir. 2002). The district court departed under U.S.S.G. § 5K2.0, which is the general departure policy statement. If the district

court had imposed a federal sentence upon Husain when he had time left to serve on his state sentence, then the court could have made the federal sentence run concurrently, partially concurrently, or consecutively to the undischarged part of the state sentence. U.S.S.G. § 5G1.3(c) and n. 6; *see also United States v. Maria*, 186 F.3d 65, 72 (2d Cir.1999). However, a federal sentencing court cannot give a defendant federal credit for time already served, or discharged, on the state sentence. *United States v. Fermin*, 252 F.3d 102, 109 (2d Cir.2001). The district court could not retroactively impose a federal sentence to run concurrently with the state sentence that Husain already served. Given these rules, because the federal government arraigned Husain upon the completion of his state sentence for the parole violation, there was no opportunity for the district court to impose the federal sentence concurrently with undischarged portions of the state sentence. We have held that this "missed opportunity" for a concurrent sentence may be a proper ground for downward departure: "we hold that in order for a district court to depart under § 5K2.0 based on a prosecutorial delay that resulted in a missed opportunity for concurrent sentencing, the delay must either have been in bad faith or have been longer than a reasonable amount of time for the government to have diligently investigated the crime involved such that the delay takes the case out of the heartland." *Los Santos*, 283 F.3d at 428. We specifically "decline[d] to establish a bright line rule by speculating on how much longer [than four months] the government could have waited before the delay would have been out of the realm of reasonableness." *Id.* at 429.

During Husain's sentencing, the district court found that a delay of 10 months between the time that the INS should have known about Husain's Section 1326 violation and the time of Husain's federal arraignment was unreasonable. The district court took issue with the diligence of both the INS and United States Attorney's offices in adopting policies of convenience that built delays into the prosecution of cases like Husain's. The district court took account of Husain's menacing sentence of three months in determining the extent of the departure so that the departure would accurately reflect his rationale. The district court's decision to depart and the extent of the departure were not abuses of discretion.

We have considered all of appellant's remaining arguments and find them to be without merit.